

Dena B. Calo
Phone: (215) 972-7104
Fax: (215) 972-7725
Dena.Calo@saul.com
www.saul.com

February 28, 2020

**Via ECF**

Hon. Eric N. Vitaliano, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Anacacy v. Panera, LLC, et. al.*, Case No. 2:19-cv-7126
      **Defendants' Motion for a Pre-Motion Conference**

Dear Judge Vitaliano:

  This law firm represents Defendants Panera, LLC,[1] The Doherty Group, Inc. d/b/a Doherty Enterprises (improperly pled as Doherty Enterprises, Inc.), Doherty Breads, LLC (collectively, the "Entity-Defendants"), and the individual identified in the Complaint as John Doe. The Defendants respectfully request a Pre-Motion Conference in anticipation of their filing a Motion to Dismiss Plaintiff Daniel Anacacy's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).[2]

**Plaintiff's Claims and Allegations Against the Entity-Defendants[3]**

  Plaintiff's Complaint raises two claims against the Entity-Defendants: (I) violation of the right to make and enforce contracts under 42 U.S.C. § 1981 ("Section 1981"); and (II) violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000A ,*et. seq.* ("Title II"). Both of these claims concern a single incident where Plaintiff claims that he was racially profiled when he patronized a Panera Bread bakery café in Carle Place, New York on or about May 12, 2019.

---

[1] Panera, LLC is a franchisor, and has ***absolutely no control*** over the employees of the other Entity-Defendants. If this matter proceeds into discovery, Panera, LLC will file a separate motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking to be dismissed on this basis.

[2] This Pre-Motion letter discusses the anticipated bases for the Entity-Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To the extent that the Entity Defendants are successful in their motion, and the federal causes of action are dismissed, the state law claims against Defendant Doe should be dismissed pursuant to Fed. R. Civ. P. (b)(1) for lack of subject-matter jurisdiction. This point will be expanded upon in any motion papers, but is not discussed further in this letter.

[3] For the purpose of this instant letter the Defendants accept the Plaintiff's allegations as true, without waiving the right to challenge such allegations at a later juncture.

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE FLORIDA ILLINOIS MARYLAND MASSACHUSETTS MINNESOTA NEW JERSEY NEW YORK PENNSYLVANIA WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

36615166.3 02/28/2020
36615166.4

Hon. Eric N. Vitaliano, U.S.D.J.
*Anacacy v. Panera, LLC, et. al.*, Case No. 2:19-cv-7126
Defendants' Motion for a Pre Motion Conference
February 28, 2020
Page 2

Compl. ¶ 28. Specifically, Plaintiff alleges that he ordered and paid for a "Rapid Pick-Up" food order via the Panera Bread App, and was trailed by a cashier (Defendant Doe) because of his race. Compl. ¶ 28, 35-40. Plaintiff claims that "when [he] attempted to leave the restaurant, the cashier stood directly in his path and prevented him from leaving," and demanded his receipt. Compl. ¶¶ 41, 42. After a verbal confrontation between Plaintiff, the cashier, and ultimately the manager, Plaintiff left the restaurant. Compl. ¶¶ 58 – 68. Plaintiff only identifies returning to the café on one occasion in order to confront the manager with his fiancé, and assess if any remedial action was taken. Compl. ¶¶ 74 – 86. Plaintiff does not allege that he intends to patronize the café in the future, and does not allege that he suffered any direct monetary damages (he left with the food he purchased). Rather, Plaintiff primarily represents that he was "embarrassed and humiliated" by the experience. Compl. ¶ 55.

**Plaintiff Fails to State Claim Under Section 1981**

Section 1981 protects the equal right of all individuals, regardless of race, *inter alia* "to make and enforce contracts." Courts interpreting Section 1981 have held in the retail context that any contract between the seller and the purchaser is premised upon that singular discrete transaction, and "there is no continuing contractual relationship" between the parties. Bishop v. Toys "R" Us-NY LLC, 414 F. Supp. 2d 385 (S.D.N.Y. 2006), aff'd sub nom. Bishop v. Toys R Us, 385 F. App'x 38 (2d Cir. 2010). In this regard, courts have repeatedly dismissed Section 1981 claims similar to Plaintiff's, where the alleged discrimination occurred *after* the purchase was complete, and the contractual relationship effectively ended. See Bishop, 414 F. Supp. 2d at 392-93 (dismissing Section 1981 claim against toy store, where plaintiff alleged he was assaulted, detained, and questioned for a receipt, after he had purchased a doll set and was attempting to leave the store); Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 854 (8th Cir. 2001) (dismissing Section 1981 claim where store confiscated food believed to have been stolen by African American patron, after it had in fact been purchased); Drayton v. Toys "R' Us Inc., 645 F. Supp. 2d 149, 157-58 (S.D.N.Y. 2009) (dismissing Section 1981 claim where African American patron alleged to have been "singled out" to present a receipt before leaving the store with goods he had purchased); Bishop v. Best Buy, Co. Inc., No. 08 CIV. 8427 LBS, 2010 WL 4159566, at *5 (S.D.N.Y. Oct. 13, 2010) (same).

Consistent with these cases, courts have found that Section 1981 can be implicated where the contractual relationship between the parties provided for more than simply the sale of goods, or, put another way, where the purchaser had continuing legal rights under the agreement post-sale. See Perry v. Burger King Corp. 924 F. Supp. 548, 551-52 (S.D.N.Y. 1996) (denying a motion to dismiss where an African American fast food patron alleged that he was prejudicially not allowed to use the restroom after finishing his meal); Clark v. City of New York, No. 13-CV-210 ENV MDG, 2014 WL 4804237, at *3 (E.D.N.Y. Sept. 25, 2014) (VITALIANO, J.) (denying a motion to dismiss where there remained a question of whether plaintiff had the right to occupy the hotel room she alleged to have purchased for her father); but see Bishop v. Henry Modell & Co., No. 08 CIV. 7541 (NRB), 2009 WL 3762119, at *11 (S.D.N.Y. Nov. 10, 2009), aff'd sub nom. Bishop v. Henry Modell & Co., 422 F. App'x 3 (2d Cir. 2011) (finding use of a store's exit is ***not*** analogous to the right to use the restroom discussed in Perry).

Hon. Eric N. Vitaliano, U.S.D.J.
*Anacacy v. Panera, LLC, et. al.*, Case No. 2:19-cv-7126
Defendants' Motion for a Pre Motion Conference
February 28, 2020
Page 3

This case is not Perry. Plaintiff does not allege that he was denied the use of any ancillary benefit due to him under his contractual relationship with the Entity-Defendants. Rather, like the plaintiff trying to walk off with a doll set in Bishop, or a can of beef jerky in Youngblood, Plaintiff's expressly states that he was trying to leave the café when the cashier prevented him from doing so. Compl. ¶ 41. Even after drawing all reasonable inferences in his favor (Clark, 2014 WL 4804237 at *4 (citing Newman & Schwartz v. Asplundh Tree Expert Co. Inc., 102 F.3d 660, 662-63 (2d Cir. 1996)), Plaintiff's allegations make it inescapably clear that his contractual relationship (if any) with the Entity-Defendants began when he paid for his food, and extended, at the very most, until he made the decision to leave the café ***before the cashier allegedly confronted him***. Accordingly, Plaintiff's Section 1981 claim is meritless on its face, and is incapable of being amended. Thus, it should be dismissed with prejudice.

**Plaintiff Is Not Entitled to Injunctive Relief Pursuant to Title II**

Title II only allows for plaintiffs to seek injunctive relief (and attorney's fees, if successful). See 42 U.S.C. § 2000a-3(a)-(b). Accordingly, Plaintiff's only prayers for relief pursuant to Title II seek (1) a declaratory order that the Entity-Defendants violated Title II; (2) an injunction preventing the Entity-Defendants from violating Title II in the future; and (3) an order requiring the Entity-Defendants and their agents to "take such affirmative steps as may be necessary to remedy the past unlawful conduct and prevent future unlawful conduct." See Compl., Prayer for Relief (a),(b), (c).

Plaintiff's request for a declaratory order finding that the Entity-Defendants (or any other person) violated Title II can be easily disregarded, as declaratory relief is not a proper remedy for past conduct. Ward v. Clark, 207 F.3d 114, 120 (2d Cir. 2000). See also H.B. v. Byram Hills Cent. Sch. Dist., 648 F. App'x 122, 125 (2d Cir. 2016) ("the requested declaratory relief … aimed at past conduct … is impermissible"). Further, beyond the fact that Plaintiff's request for an injunction is vague and essentially asks the Court to order the Entity-Defendants to refrain from violating the law, Plaintiff does not allege any facts suggesting "a sufficient likelihood that he will be again wronged in a similar way." Byram, 648 F. App'x at 125 (quoting Marcavage v. City of New York, 689 F.3d 98, 103 (2d Cir. 2012)) (internal quotations omitted). Except for the one instance where he alleges to have gone to the café with his fiancé to confront the manager, Plaintiff does not allege that he ever returned to the café to purchase food, or that he has any plans to do so in the future. Plaintiff's Complaint exclusively concerns one specific interaction, and no allegations suggest a continuing policy, practice or pattern of discrimination occurring at the Entity-Defendants' restaurants. See James v. Am. Airlines, Inc., 247 F. Supp. 3d 297, 306 (E.D.N.Y. 2017) (finding plaintiff failed to state a claim under Title II premised upon one singular alleged discriminatory act, *inter alia*, because this one occurrence did not demonstrate a "real and immediate threat of repeated injury"). Therefore, Plaintiff's allegations (even if true) do not entitle him to seek injunctive relief against the Entity-Defendants, and his Title II claim should also be dismissed with prejudice.

Thank you for your time and consideration.

Hon. Eric N. Vitaliano, U.S.D.J.
*Anacacy v. Panera, LLC, et. al.*, Case No. 2:19-cv-7126
Defendants' Motion for a Pre Motion Conference
February 28, 2020
Page 4

Respectfully submitted,

*/s/ Dena B. Calo*
Dena B. Calo, Esq.

cc:    All counsel (via ECF)