**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL ANACACY, | Case No. 2:19-cv-07126-ENV-RLM |
| Plaintiff, | |
| v. | |
| PANERA, LLC, DOHERTY ENTERPRISES, INC., DOHERTY BREADS, LLC and JOHN DOE, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Dated and Served: April 17, 2020

SAUL EWING ARNSTEIN & LEHR, LLP

Dena B. Calo, Esquire
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7104
Dena.Calo@saul.com

Erik P. Pramschufer, Esquire
1270 Avenue of the Americas, Suite 2005
New York, NY 10020
(212) 980-7216
Erik.Pramschufer@saul.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF PLED FACTS AND PROCEDURAL HISTORY ........................................... 2

STANDARD OF REVIEW ....................................................................................................... 4

ARGUMENT ............................................................................................................................. 5

    I.    PLAINTIFF FAILS TO PLEAD A VIABLE CAUSE OF ACTION AGAINST THE ENTITY-DEFENDANTS, AND THEREFORE COUNTS I AND II SHOULD BE DISMISSED WITH PREJUDICE .................. 5

        A.    Plaintiff's Section 1981 Claim Should Be Dismissed For Failing to Plead a Claim Upon Which Relief Can Be Granted .................................... 6

        B.    Plaintiff's Claims For Injunctive Relief Are Invalid and Therefore Plaintiff's Title II Claim Should Be Dismissed In Its Entirety, As Well as Plaintiff's Claims for Injunctive Relief Under Count I ............... 10

    II.    IF THE FEDERAL CLAIMS AGAINST THE ENTITY-DEFENDANTS ARE DISMISSED, THEN THE STATE CLAIMS AGAINST DOE SHOULD AS WELL ....................................................................................................... 13

CONCLUSION ....................................................................................................................... 14

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amadei v. Nielsen*, 348 F. Supp. 3d 145 (E.D.N.Y. 2018) ..................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................4

*Bishop v. Best Buy, Co. Inc.*, No. 08 CIV. 8427 LBS, 2010 WL 4159566
  (S.D.N.Y. Oct. 13, 2010) ..................................................................7

*Bishop v. Henry Modell & Co.*, No. 08 CIV. 7541 (NRB), 2009 WL 3762119
  (S.D.N.Y. Nov. 10, 2009), *aff'd sub nom. Bishop v. Henry Modell & Co.*, 422
  F. App'x 3 (2d Cir. 2011) ..................................................................7

*Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385 (S.D.N.Y. 2006), *aff'd sub
  nom. Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010) ..................................................................6, 7, 8

*Drayton v. Toys "R' Us Inc.*, 645 F. Supp. 2d 149 (S.D.N.Y. 2009) ..................................................................7

*H.B. v. Byram Hills Cent. Sch. Dist.*, 648 F. App'x 122 (2d Cir. 2016) ..................................................................11

*Hicks v. IBM*, 44 F. Supp. 2d 593 (S.D.N.Y. 1999) ..................................................................6

*James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297 (E.D.N.Y. 2017) ..................................................................10, 12, 13

*Lynch v. City of New York*, 952 F.3d 67 (2d Cir. 2020) ..................................................................4

*Mac Pherson v. State St. Bank & Tr. Co.*, 452 F. Supp. 2d 133 (E.D.N.Y. 2006),
  *aff'd,* 273 F. App'x 61 (2d Cir. 2008) ..................................................................4, 5

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ..................................................................4

*Marcavage v. City of New York*, 689 F.3d 98 (2d Cir. 2012) ..................................................................12, 13

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085 (2d Cir. 1993) ..................................................................6

*Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363 (1989) ..................................................................6

*Perry v. Burger King Corp.*, 924 F. Supp. 548 (S.D.N.Y. 1996) ..................................................................8, 9

*Pierre v. JC Penney Co.*, No. 03-4782 JFB/VVP, 2006 WL 407553 (E.D.N.Y.
  Feb. 21, 2006) ..................................................................9

*Somin v. Community Management Corp.*, 494 F.Supp.2d 153 (E.D.N.Y. 2007) ..................................................................14

*Ward v. Clark*, 207 F.3d 114 (2d Cir. 2000) ..................................................................11

*Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851 (8th Cir. 2001)................................7, 8, 9

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 1367................................................................................................................14, 15

28 U.S.C. § 1331......................................................................................................................13

42 U.S.C. § 1981................................................................................................................ passim

42 U.S.C. § 2000a.............................................................................................................. passim

42 U.S.C. § 2000a-3..................................................................................................................10

Fed. R. Civ. P. 12(b)(1).......................................................................................................2, 4, 12

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 2, 4, 14

Fed. R. Civ. P. 56.......................................................................................................................1

# PRELIMINARY STATEMENT

Defendants Panera, LLC, The Doherty Group, Inc. d/b/a Doherty Enterprises (incorrectly captioned as "Doherty Enterprises, Inc."), Doherty Breads, LLC (collectively, the "Entity-Defendants") and John Doe (collectively, with the Entity-Defendants, "Defendants"), by and through their attorneys, hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Daniel Anacacy's Complaint (ECF No. 1, hereafter the "Complaint" or "Compl."). Plaintiff's Complaint tells an unfortunate story alleging that he was racially profiled after picking up a to-go order from a Panera Bread Bakery Café located at 165 Old Country Road, Carle Place, New York (the "Café").[1] *See generally*, Compl.

However, Plaintiff's Complaint fails to articulate a legally viable cause of action in several respects and should be dismissed as a matter of law. Plaintiff's 42 U.S.C. §1981 ("Section 1981") claim against the Entity-Defendants fails to state a claim, as he does not allege any interference with his right to "make and enforce contracts." Rather, by his own admission, he had already picked up his food and was planning to exit the Café –thereby, ending his contractual relationship with the Entity-Defendants. Courts have repeatedly dismissed Section 1981 cases alleging virtually same facts which Plaintiff does here. Plaintiff's averment that he

---

[1] Defendants vehemently deny many of the allegations raised in the Complaint. Though outside the four corners of the Pleading, and thus not properly considered on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants would be remiss not to inform the Court (as well as the "court of public opinion" that will have access to these papers once they are publicly filed) that all actions taken by the employees on the day in question were justified. The cashier (Doe) that confronted Plaintiff had a good faith belief that Plaintiff had stolen from the Café because he was seen filling up a large cup of soda, which he did not pay for.

Additionally, Panera, LLC is not a proper party to this case. Panera, LLC is a franchisor, and does not have any control or authority over the employees who work at restaurants operated by franchisees (like the Café in the case at hand). Plaintiff's Complaint is entirely silent as to why Panera, LLC is named, except for the allegation "Panera, LLC, Doherty Enterprises, Inc., and Doherty Breads, LLC … together own, operate and manage [the Café]." Compl., ¶12. While the undersigned believes this allegation (while incorrect) may be sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion on this basis, Panera, LLC will move for summary judgment under Fed. R. Civ. P. 56 if this Motion is denied and this matter proceeds into discovery.

was leaving the Café at the time he was stopped should compel the Court to find that the Entity-Defendants did not interfere with his right to "make and enforce contracts," and accordingly dismiss of Count I pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's claims for injunctive relief fare no better. First, Plaintiff's prayer for a declaratory order condemning the Entity-Defendants' past-conduct is impermissible, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Second, Plaintiff's allegation of a single instance of discriminatory treatment by one employee, even if assumed to be true, is insufficient to establish standing to seek the broad sweeping injunctive relief he pursues under Section 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000A, *et seq.* ("Title II"). For these reasons, and as set out further below, Plaintiff's claims for prospective equitable relief should be dismissed under Fed. R. Civ. P. 12(b)(1).

Separate and apart from these arguments, if the federal claims against the Entity-Defendants are dismissed, then so too should the claims against the only individual Defendant, who is referred to in the Complaint as John Doe ("Doe"). The only claims raised against Doe are state common law tort claims. Plaintiff does not articulate any basis to assert independent subject-matter jurisdiction over these claims, and if there are no pending federal claims, there is no reason for the Court to exert supplemental jurisdiction. Therefore, these claims against Doe should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF PLED FACTS AND PROCEDURAL HISTORY

The Café (like many other Panera Bread bakery cafés) utilizes a take-out/to-go ordering system that is commonly referred to as Rapid Pick-Up, where customers can order and pre-pay for food utilizing the Panera Bread Mobile App, and pick it up from a designated location inside of the Café. Compl., ¶¶19-21. The Rapid Pick-Up area is generally open to the public, and

customers customarily simply need to find the bag that has their receipt on it, pick up their food, and leave. *Id.* at ¶¶24-27.

On May 12, 2019 Plaintiff placed a to-go food order through the Panera Bread App. *Id.* at ¶28. He alleges that when he entered the Café to retrieve his food he saw that the cashier (Doe) was watching him. *Id.* at ¶¶33-36. Plaintiff alleges that the cashier continued to watch him as he proceeded to get a cup of water from the drink station, and that this made him feel "very uncomfortable." *Id.* at ¶¶36-40. After finishing at the drink station, Plaintiff decided to leave the Café. *Id.* at ¶41. When he attempted to leave, the cashier stood in his path, and asked to see his receipt. *Id.* at ¶41-42. A verbal confrontation ensued, and ultimately the manager was called in. *Id.* at ¶¶42-58. The manager and Plaintiff spoke about the incident, and Plaintiff explained to the manager that the cashier grabbed the food out of Plaintiff's hands after Plaintiff would not present his receipt. *Id.* at ¶¶60-63. The manager re-bagged Plaintiff's food, and Plaintiff left. *Id.* at ¶¶67-68. Plaintiff alleges that he returned to the Café one week later to speak with the manager about the incident, and was frustrated to learn that the cashier had not been disciplined. *Id.* at ¶¶69-86. In their conversations with the manager, Plaintiff and his fiancé directly and indirectly claimed that the cashier racially targeted Plaintiff. *Id.* at ¶¶75, 77, 79, 80, 86.

Defendants filed a (letter) Motion for a Pre-Motion Conference (ECF No. 8) in contemplation of this Motion, and Plaintiff filed a Response (ECF No. 9). In Plaintiff's Response, he attached as an exhibit a copy of the terms of use for the Panera Bread App (ECF No. 9-1). However, this document is not incorporated into Plaintiff's pleadings, and thus is not considered in this Memorandum. To the extent Plaintiff seeks to rely upon this document in his response, Defendants will reply accordingly. The Court gave leave for Defendants to file their

3

Motion in a Docket Order dated March 17, 2020, and adopted the parties' briefing schedule submitted on March 31, 2020. The Defendants' Motion to Dismiss Plaintiff's Complaint now follows.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The court, in deciding a Rule 12(b)(6) motion to dismiss a complaint, is required to accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To survive such motion, the plaintiff must plead sufficient facts to state a claim that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. In considering the motion, "[t]he court must also 'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'" *Lynch*, 952 F.3d at 75 (quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). However, mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

Fed. R. Civ. P. 12(b)(1) contemplates that a district court may dismiss a complaint for lack of subject matter jurisdiction "when [it] lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Mac Pherson v. State St. Bank & Tr. Co.*, 452 F. Supp. 2d 133, 136

4

(E.D.N.Y. 2006), *aff'd,* 273 F. App'x 61 (2d Cir. 2008) (quoting *Makarova,* 201 F.3d at 113). "A district court may consider evidence outside the pleadings when resolving a challenge to the court's subject matter jurisdiction." *Id.* (citing *Filetech S.A. v. France Telecom S.A.,* 157 F.3d 922, 932 (2d Cir. 1998)). However, as relevant here to Plaintiff's claims for injunctive relief, when a defendant raises a "facial attack" against the sufficiency of the Complaint to establish standing, "the court must 'accept [ ] as true all material [factual] allegations of the complaint and draw[ ] all reasonable inferences in favor of' Plaintiffs." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 154 (E.D.N.Y. 2018) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)) (corrections in original).

## ARGUMENT

**I. PLAINTIFF FAILS TO PLEAD A VIABLE CAUSE OF ACTION AGAINST THE ENTITY-DEFENDANTS, AND THEREFORE COUNTS I AND II SHOULD BE DISMISSED WITH PREJUDICE**

Plaintiff's Complaint raises two claims against the Entity-Defendants. In Count I Plaintiff alleges that the Entity-Defendants violated his equal right to "make and enforce contracts" in violation of Section 1981. In Count II Plaintiff asserts that the Entity-Defendants violated Title II by denying him, on account of his race, the equal enjoyment of a place of public accommodation. Both of these claims concern a single alleged incident where Plaintiff claims that he was racially profiled when he patronized the Café. However, Plaintiff's own allegations in the Complaint demonstrate that he was not denied any benefit of his contractual relationship with the Defendants so as to warrant any assessment of monetary damages pursuant to Section 1981. Further, Plaintiff's allegations do not demonstrate any sufficient threat of repeated conduct so as to warrant imposition of the vague and conclusory injunctive relief Plaintiff prays for. Therefore, the claims against the Entity-Defendants should be dismissed.

### A. Plaintiff's Section 1981 Claim Should Be Dismissed For Failing to Plead a Claim Upon Which Relief Can Be Granted

Section 1981 protects the equal right of all individuals, regardless of race, *inter alia* "to make and enforce contracts." "To establish a claim under §1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Here, Plaintiff clearly alleges that he is a member of a racial minority. Compl., ¶6. Further, when viewing his allegations with the requisite liberality afforded to claims of discrimination, the allegations in the Complaint are likely sufficient to infer, at the pleading stage, that the second element of a Section 1981 claim is similarly met. *See Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 391 (S.D.N.Y. 2006), *aff'd sub nom. Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010) (hereafter "*Bishop v. Toys "R" Us*"); *Hicks v. IBM*, 44 F. Supp. 2d 593, 598 (S.D.N.Y. 1999) ("When discriminatory intent is in question, courts are cautious of summary adjudication.") (citing *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997)). However, the Complaint fails to breach the final hurdle for stating a claim, as Plaintiff does not properly allege that any discriminatory treatment interfered with his right to "make and enforce contracts."

### 1. *The Entity-Defendants Did Not Interfere with Plaintiff's Right to "Make and Enforce Contracts"*

The enactment of Section 1981(b) in 1991 legislatively amended the Supreme Court's rule announced in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363 (1989), which originally held that Section 1981 only protects individuals' rights to initially form contracts, or to enforce contracts through legal processes. "Even so, courts that have addressed

section 1981 claims [after the 1991 amendment] in the context of retail transactions have held that after a purchase is completed, 'there is no continuing contractual relationship. Instead, the relationship is based on a single discrete transaction—the purchase of goods.'" *Bishop v. Toys "R" Us*, 414 F. Supp. 2d at 392 (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 360 (5th Cir. 2003)) (collecting cases). The cases on this point clearly articulate that after a patron completes the purchase, the contractual relationship ends, and any alleged discriminatory acts that may subsequently follow are outside the purview of Section 1981. *See, e.g.*, *id.* at 392-93 (dismissing Section 1981 claim against toy store, where plaintiff alleged he was assaulted, detained, and questioned for a receipt, after he had purchased a doll set and was attempting to leave the store); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 854 (8th Cir. 2001) (dismissing Section 1981 claim where store confiscated food believed to have been stolen by African American patron, after it had in fact been purchased); *Drayton v. Toys "R' Us Inc.*, 645 F. Supp. 2d 149, 157-58 (S.D.N.Y. 2009) (dismissing Section 1981 claim where African American patrons alleged to have been "singled out" to present a receipt before leaving the store with goods they had purchased); *Bishop v. Best Buy, Co. Inc.*, No. 08 CIV. 8427 LBS, 2010 WL 4159566, at *4-5 (S.D.N.Y. Oct. 13, 2010) (same).

Here, like in the cases above, Plaintiff alleges that he paid for his food, received it, and was attempting to leave the Café when the was confronted to show his receipt. Plaintiff does not allege anywhere in his Complaint that he was denied any contractual right ancillary to his food purchase, except for potentially the ability to leave the Café. *But see Bishop v. Henry Modell & Co.*, No. 08 CIV. 7541 (NRB), 2009 WL 3762119, at *10-11 (S.D.N.Y. Nov. 10, 2009), *aff'd sub nom. Bishop v. Henry Modell & Co.*, 422 F. App'x 3 (2d Cir. 2011) (finding use of a store's exit is not part of the contract for the sale of goods so as to implicate Section 1981 when an

employee prevented a suspected shoplifter from exiting the store without showing a receipt). As articulated further below, Plaintiff's failure to plead that he was denied any other contractual right, except for potentially the availability of the exit, is dispositive here, and makes this case indistinguishable from *Bishop v. Toys "R" Us* and the similar cases that have dismissed Section 1981 claims on virtually the same facts that Plaintiff alleges.

2. *Perry* **Is Not Applicable to the Allegations Raised By Plaintiff's Complaint**

Surely, the biggest difference between *Bishop v. Toys "R" Us*, and the case at hand, is that Plaintiff here alleges to have ordered and paid for food – not consumer merchandise. In *Perry v. Burger King Corp.*, 924 F. Supp. 548 (S.D.N.Y. 1996) Judge Owen of the Southern District of New York contemplated a claim by a fast food patron who, after finishing his meal at the defendant's restaurant, alleged that he was denied the use of the bathroom on account of his race. The restaurant moved for dismissal, however the court found that "[r]esolving all ambiguities against [the restaurant's operator], plaintiff has stated a claim under §1981, particularly if Perry is considered to have contracted for food *and* use of the bathroom." *Id.* at 552 (emphasis in original).

The rationale of *Perry* is that a contract to **dine at a restaurant** encompasses a broader set of benefits than simply the food being served, and denying those benefits on account of a customer's race may implicate Section 1981. However, simply because "food" is at issue in Plaintiff's Complaint, does bring this case in line with *Perry*. In *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851 (8th Cir. 2001) the Eighth Circuit decided whether Section 1981 was implicated in the case where a supermarket patron was suspected of stealing extra beef jerky (of course, a food) inside of another canister of jerky that he went on to purchase. After he purchased the jerky, the patron was stopped by security, asked for a receipt, and ultimately

8

arrested for shoplifting without being allowed to keep the food that he purchased. *Id.* at 853-54 (statement of facts). The court found that the sale was the exclusive contract between the parties, and therefore the market could not be found liable for denying the patron of any contractual benefit so as to implicate Section 1981. *Id.* at 854.

Plaintiff's case more closely resembles *Youngblood*, than it does *Perry*. Plaintiff alleges that he placed a to-go food order from the Café. From a functional contract perspective, this is more akin to the scenario where a consumer purchases food at a grocery store to enjoy the benefits of the purchase elsewhere, rather than where a patron chooses to eat in a restaurant and utilize ancillary benefits of that specific contractual relationship (*e.g.*, the bathroom). While this distinction is important, and dispositive in itself, Plaintiff's allegations in the Complaint obviate any need for the Court to determine what ancillary benefits may have been intertwined with his to-go order.

Plaintiff specifically alleges: "***When the Plaintiff attempted to leave the restaurant***, the cashier stood directly in his path and prevented him from leaving." Compl., ¶41 (emphasis added). This allegation makes it clear that Plaintiff did not intend to utilize any ancillary benefit that could possibly be due to him as a result of his food order.[2] Rather, like in *Youngblood*, Plaintiff was attempting to leave the store, and like in that case, him being asked to present his receipt did not interfere with his right to "make and enforce contracts." Therefore, Plaintiff fails to plead a cause of action under Section 1981, and Count I should be dismissed.

---

[2] The only passing reference Plaintiff makes to an ancillary contractual benefit is his allegations that Doe followed him to the drink station where he was filling up a cup of water, and "stared intently" at him, making him feel "very uncomfortable." Compl., ¶¶37-40. This is insufficient to establish any interference with Plaintiff's right to "make and enforce contracts." *See Pierre v. JC Penney Co.*, No. 03-4782 JFB/VVP, 2006 WL 407553, at *5 (E.D.N.Y. Feb. 21, 2006) (finding that mere surveillance of a customer is insufficient to demonstrate interference with the right to "make and enforce contracts," and insufficient to state a claim under Section 1981).

**B.    Plaintiff's Claims For Injunctive Relief Are Invalid and Therefore Plaintiff's Title II Claim Should Be Dismissed In Its Entirety, As Well as Plaintiff's Claims for Injunctive Relief Under Count I**

"To plead a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a, a plaintiff must allege intentional discrimination depriving him or her of 'the equal enjoyment of the goods, services, facilities, privileges, advantages, [or] accommodations of any place of public accommodation.'" *James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 305 (E.D.N.Y. 2017) (quoting 42 U.S.C. §2000a(a)).[3] Title II only allows for plaintiffs to seek prospective injunctive relief (and attorney's fees, if successful). *See* 42 U.S.C. §2000a-3(a)-(b). Plaintiff's Prayer for Relief requests the Court to provide him injunctive remedies by entering an order:

> a.   Declaring that the discriminatory practices of the Corporate Defendants violate Title II of the Civil Rights Act of 1964. 42 U.S.C. §2000a *et seq*. and 42 U.S.C. §1981;
>
> b.   Enjoining Corporate Defendants, their employees, agents, and successors, and all other persons in active concert or participation with them, from engaging in any act or practice which on the ground of race and/or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964. 42 U.S.C. §2000a *et seq*. or 42 U.S.C. §1981;
>
> c.   Requiring Corporate Defendants, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct and prevent future unlawful conduct;

On their face, these requests are ambiguous, vague, and do not ask for anything beyond an order condemning the Entity-Defendants' past-conduct, and directing them to follow the law in the future. Furthermore, Plaintiff's Complaint does not allege any facts upon which he can

---

[3] For the purposes of this Motion, the Defendants concede that the Café constitutes a "place of public accommodation" for the purposes of Title II.

assert that he has the constitutional standing to seek such a broad sweeping injunctive order, which would necessarily require this Court to review the customer relations policies for several entities and comment on their efficacy on a national (or, at a minimum, regional) basis. Such a proceeding is simply not warranted here. Because, as articulated below, Plaintiff's claims for injunctive relief are legally deficient, Count II claiming violations of Title II should be dismissed. Furthermore, to the extent the Court does not dismiss Count I for the reasons articulated in Section I.A. above, the Court should nevertheless dismiss Plaintiff's claims for injunctive and declaratory relief sought under Count I, for these same reasons.

1. *It is Improper to Request a Declaratory Order Aimed at Past-Conduct*

Plaintiff's first request in his Prayer for Relief appears to seek a declaratory order finding that the Entity-Defendants have violated Section 1981 and Title II. This is impermissible. Declaratory relief is not afforded when it is aimed at past conduct. *Ward v. Clark*, 207 F.3d 114, 120 (2d Cir. 2000); *H.B. v. Byram Hills Cent. Sch. Dist.*, 648 F. App'x 122, 125 (2d Cir. 2016) ("[T]he requested declaratory relief is aimed at past conduct, a target that is impermissible."). Accordingly, any attempt by the Plaintiff to seek an order declaring that the Entity-Defendants violated Section 1981 or Title II in the past, should be disregarded by this Court.

2. *Plaintiff Does Not Allege Any Facts Warranting Prospective Declaratory or Injunctive Relief, Because No Facts Suggest a Sufficient Likelihood of Future Harm*

Plaintiff lacks standing to pursue claims for prospective equitable relief, warranting the complete dismissal of Count II, and the partial dismissal of Count I, pursuant to Fed. R. Civ. P. 12(b)(1). "To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia,* 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (quoting *City of*

*Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)) (correction in original). Stated another way, "[t]o show standing for prospective relief, a plaintiff must plead and prove a 'real and immediate threat of repeated injury.'" *James*, 247 F. Supp. 3d at 305 (quoting *Lyons*, 461 U.S. at 102). "In establishing a certainly impending future injury, a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103 (2d Cir. 2012).

In *James*, Judge Chen of this Court considered a claim brought by an African American passenger of American Airlines who alleged to have been publicly admonished after getting into an altercation with a white passenger, who comparably was not reprimanded. 247 F. Supp. 3d at 300-01 (statement of facts). In support of her claim for injunctive relief under Title II, the plaintiff alleged that she suffered "severe emotional distress" and that "[g]iven [American's] known history of prejudice towards me, it's likely that I'll be discriminated again if I travel aboard their carriers." *Id.* at 301 (corrections in original). However, even after interpreting the plaintiff's claims liberally (because the plaintiff was acting *pro se*), Judge Chen dismissed the plaintiff's Title II claim, by finding *inter alia*:

> James fails to allege facts sufficient to sustain prospective relief under Title II. Even construed in the light most favorable to James, the complaint alleges that James was the victim of a single act of discrimination by one or two American employees onboard a specific aircraft under specific circumstances involving an altercation between herself and another passenger. James does not allege any facts suggesting that she plans to take another American flight in the near future, let alone that she is likely to take a flight staffed by the same pilot and crew whom she accuses of acting against her with discriminatory intent. James also does not allege any facts suggesting a policy, practice, or pattern of discrimination onboard American flights such that James could rest her claim to prospective relief on more general allegations of an intent to fly American in the future.

*Id.* at 306.

Like in *James*, Plaintiff here only alleges one specific instance of potentially unlawful conduct, and does not plausibly suggest that the Entity-Defendants have a policy, practice, or pattern of discriminating against African American patrons. Furthermore, Plaintiff does not allege any facts suggesting that he would be subjected to the same (or similar) treatment in the future. As the Second Circuit's precedential opinion in *Marcavage* demonstrates, simply pointing to one incident, and speculating that it may happen again, is insufficient to establish standing. Because this is precisely what Plaintiff attempts to do, his claims for injunctive relief are meritless, and his Title II claim should be dismissed.

## II. IF THE FEDERAL CLAIMS AGAINST THE ENTITY-DEFENDANTS ARE DISMISSED, THEN THE STATE CLAIMS AGAINST DOE SHOULD AS WELL

The only individual Defendant named in the Complaint is Doe. Plaintiff purports that this Court has jurisdiction to hear this case pursuant to Section 1981, Title II, and 28 U.S.C. §1331 (federal question jurisdiction). While Section 1981 and Title II would not specifically confer jurisdiction in and of themselves, Plaintiff clearly seeks to allege that this Court has federal question jurisdiction over the claims against the Entity-Defendants. Plaintiff does not articulate any basis for this Court's jurisdiction over the state law tort claims against Doe, and the only basis his Complaint suggests would be under 28 U.S.C. §1367 (supplemental jurisdiction).

Supplemental jurisdiction extends over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a [state law claim] claim … if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§1367(c)(3). When federal claims are disposed of, particularly before discovery, the proper course is to dismiss pendent state law claims without prejudice so that they can be raised in state court. *Somin v. Community Management Corp.*, 494 F.Supp.2d 153, 160 (E.D.N.Y. 2007) (citing *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966)). Therefore, if this Court dismisses the federal claims against the Entity-Defendants, the Court should decline to exert supplemental jurisdiction over Plaintiff's claims directed at Doe.

## CONCLUSION

This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1) against the Entity-Defendants as follows: (1) Count I should be dismissed for failing to state a claim upon which relief can be granted, because Plaintiff does not allege that any of the Entity-Defendants interfered with his right to "make and enforce contracts" as protected by Section 1981; (2) to the extent the Court finds that Plaintiff does state a claim under Count I, his claims for injunctive relief pursuant to Section 1981 should nevertheless be dismissed because he lacks standing to seek prospective injunctive relief, and his request for declaratory relief aimed at past conduct is impermissible; and (3) Count II should be dismissed because the exclusive remedy under Title II is prospective injunctive relief, which Plaintiff lacks standing to seek. Because these defects in Plaintiff's Complaint are not capable of being amended, the dismissal against the Entity-Defendants should be with prejudice.

Furthermore, if the federal claims against the Entity-Defendants are dismissed, the Court should decline to exert supplemental jurisdiction over Doe. Accordingly, this Court should dismiss the state law claims against Doe without prejudice, allowing them to be raised independently in state court, as contemplated by 28 U.S.C. §1367(c).

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR, LLP

By: */s/ Dena B. Calo*
 Dena B. Calo, Esquire
 1500 Market Street, 38th Floor
 Philadelphia, PA 19102
 (215) 972-7104
 Dena.Calo@saul.com

 Erik P. Pramschufer, Esquire
 1270 Avenue of the Americas, Suite 2005
 New York, NY 10020
 (212) 980-7216
 Erik.Pramschufer@saul.com

 *Attorneys for Defendants*